## FABER v. CATHRIN.

### February 12, 1884.

#### 2 Pac. 879.

Animals.—A Land Owner Being Injured by the Trespass of sheep in possession and care of defendant, the latter, under the evidence herein, is liable therefor. Testimony showing that by reason of the injury the plaintiff's stock had to be fed with hay goes only toward showing the extent of the injury, and is properly admitted.

C. F. Irwin for appellant; George G. Blanchard for respondent.

ROSS, J.—This action was brought under the act of the legislature, approved March 7, 1878, and entitled, ''An act concerning trespassing of animals upon private lands in certain counties in the state of California'': Stats. 1877–78, p. 176. The act is made applicable to the township in which is

situated the land of the plaintiff, and its first and second section are as follows:

. ''Section 1. It is unlawful for any animal, the property of any person, to enter upon any land owned by or lawfully in the possession of any person other than the owner of such animal.

''Sec. 2. The owner of, or person who is in the lawful possession of, any land trespassed upon, in violation of this act, is entitled to recover by action, in a court of competent jurisdiction, from the owner of, or person in possession of, or person charged with the care of, the trespassing animal or animals, all damage sustained by reason of such trespass, together with costs of suit.''

The complaint charges that at certain stated times the plaintiff was the owner and in the possession of a certain piece of land; that at those times the defendant was the owner, in the possession, and chargeable with the care of certain sheep, which sheep then entered and trespassed upon the land of the plaintiff and injured and destroyed the grain, hay, and grass thereon being and growing, to the plaintiff's damage in the sum of one thousand dollars. If the averments made by the plaintiff were true, the law quoted made the defendant liable to her. And that the averments were true, except as to the amount of damage sustained by the plaintiff, was found by a jury upon evidence sufficient to sustain the verdict. The fact that the damage done to the plaintiff by defendant's sheep had made it necessary for the plaintiff to feed her own stock with hay was first brought out by defendant on the cross-examination of one of the plaintiff's witnesses. Besides, there was no attempt on the part of the plaintiff to show the value of the hay so fed to her stock, and the testimony could only have gone toward showing the extent of the injury done by defendant's sheep to the plaintiff's hay and grain.

In view of the evidence in the case, there was no error on the part of the court in refusing the instructions requested by the defendant.

Judgment and order affirmed.

We concur: McKinstry, J.; McKee, J.